# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>SANCHEZ ENERGY CORPORATION, *et al.*,<br><br>Debtors.<br><br>WILMINGTON SAVINGS FUND SOCIETY FSB and SECURED NOTES AD HOC GROUP/DIP LENDERS et al.,<br><br>Appellants,<br><br>v.<br><br>DELAWARE TRUST COMPANY, in its capacity as Lien-Related Litigation Creditor Representative,<br><br>Appellee. | Civil Action Nos. 4:21-cv-01069 & 4:21-cv-01071<br><br>Hon. Lee H. Rosenthal, C.J.<br><br>Bankruptcy Case No. 19-34508 (MI) |

**UNOPPOSED JOINT MOTION TO STAY APPEALS PENDING MEDIATION**

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Appellant states that it is an ad hoc group of certain unaffiliated funds, accounts, and/or managers of funds or accounts, as beneficial holders of Secured Notes Claims,[1] and as lenders under the DIP Credit Agreement (as defined in the Plan) (collectively, the "Secured Notes Ad Hoc Group/DIP Lenders").

The Secured Notes Ad Hoc Group/DIP Lenders consists of the following:

(i) Apollo Commodities Management, L.P. certifies that it is an affiliate of Apollo Global Management, Inc. ("AGM").  AGM's Class A common stock is publicly traded on the New York Stock Exchange (NYSE: APO).  BRH Holdings GP, Ltd. owns AGM's only outstanding share of Class B common stock.  No other corporation owns 10% or more of any class of AGM's common stock.

(ii) Capital Research and Management Co., acting on behalf of certain funds and/or accounts, certifies that its parent company is The Capital Group Companies, Inc., which is not publicly held.

---

[1] As defined in the *Second Amended Joint Chapter 11 Plan of Reorganization of Sanchez Energy Corporation and Its Debtor Affiliates*, dated April 30, 2020 [Docket No. 1205] (the "Plan").

(iii) Cross Ocean Partners Management LP certifies that it has a single general partner, Cross Ocean Partners Management GP LLC, which is not publicly held.

(iv) Fidelity Management & Research Company, LLC, on behalf of certain funds and accounts, certifies that it is wholly owned by FMR LLC which is not publicly held.

(v) The Northwestern Mutual Life Insurance Co. certifies that it does not have a parent company and no publicly-held corporation owns 10% or more of its equity interests.

(vi) Orbis Investment Management Limited (as agent for and on behalf of certain funds) certifies that over 90% of its voting interests are beneficially owned, indirectly, by its parent entity, Allan & Gill Gray Foundation, which is not publicly held.

(vii) Southpaw Credit Opportunity Master Fund, L.P. certifies that it has a single general partner, Southpaw GP LLC.  Southpaw GP LLC does not have a parent company, and no publicly-held corporation owns 10% or more of its equity interests.

Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure, Appellant Wilmington Savings Fund Society, FSB states that its corporate parent is WSFS Financial Corporation, a publicly held corporation.

Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure Appellee Delaware Trust Company, in its capacity as Lien-Related Litigation Creditor Representative, states that its corporate parent is Corporation Service Company, a privately held corporation which owns 100% of its stock. There is no publically traded corporation which owns 10% or more of Delaware Trust Company's stock.

In accordance with Fed. Bankr. R. Proc. 8011 and Local Rule 7.2, Appellants Secured Notes Ad Hoc Group/DIP Lenders and Appellant Wilmington Savings Fund Society, FSB (the "DIP Agent") in its capacity as Administrative Agent and Collateral Agent for the Amended and Restated Senior Secured Debtor-in-Possession Term Loan Credit Agreement, dated as of January 28, 2020, by and among Sanchez Energy Corporation, as borrower, and each of the other applicable Debtors, as guarantors, and each of the lenders from time to time party thereto, and the DIP Agent (the "DIP Credit Agreement"), and Appellee Delaware Trust Company, in its capacity as Lien-Related Litigation Creditor Representative ("Creditor Representative"), jointly move to stay this appeal pending mediation in the bankruptcy court.

## BACKGROUND

1. In August 2019, Sanchez Energy Corporation, along with ten of its affiliates (collectively "Sanchez"), filed petitions under chapter 11 of the Bankruptcy Code. Dkt. No. 1.[2] Sanchez is an upstream oil and gas producer. Before the petition date, Sanchez issued $500 million of Senior Secured First Lien Notes ("Secured Notes"). Dkt. No. 1658 at 4. As collateral for the Secured Notes,

---

[2] Citations to Dkt. Nos. are to the bankruptcy court's docket for *In re Sanchez Energy Corporation,* et. al., Case No. 19-3450, pending in the United States Bankruptcy Court for the Southern District of Texas.

Sanchez granted the Senior Noteholders a first-priority lien on substantially all of its assets. Dkt. No. 1658 at 4-5. Among the assets were numerous oil and gas leases located in south Texas. In April 2018, Sanchez and the Collateral Trustee under the Senior Note Indenture Agreement, Royal Bank of Canada, executed 18 Deeds of Trust granting liens on Sanchez Assets situated in 10 Texas counties. Dkt. No. 1658 at 5-6.

    2.    Following the petition date, Sanchez sought and received approval to obtain debtor-in-possession ("DIP") financing from certain of the Secured Noteholders ("DIP Lenders"). Sanchez pledged certain property as collateral for the DIP financing as provided in a Final DIP Order ("DIP Collateral"). Dkt. No. 865 at 22. The DIP Collateral included both property encumbered by the Senior Noteholders' liens, as well as any unencumbered property. Dkt. No. 865 at 22. However, the DIP Collateral excluded certain assets, including "causes of action under sections 502(d), 544, 545, 547, 548 and 550 of the Bankruptcy Code, or any other avoidance actions (collectively, "Avoidance Actions") or the proceeds thereof," with the exception of a portion of recoveries against parties other than the holders of the Secured Notes. *Id.* at 21; *see also id.* 22-23.

    3.    On April 30, 2020, the bankruptcy court confirmed the Sanchez chapter 11 plan of reorganization ("Plan"). Dkt. No. 1212. The Plan established the Lien-Related Litigation to resolve various disputes between the DIP Lenders,

Secured Noteholders, and unsecured creditors. The Plan appointed a Lien-Related Litigation Creditor Representative, which is the Appellee in this appeal. Dkt. No. 1205 at 7. The Lien-Related Litigation involves three Phases. Dkt. No. 1205 at 21. Phase 1 required the bankruptcy court to interpret the meaning of certain provisions of the Final DIP Order and Plan. Phase 2 involved the existence, validity, perfection and avoidance of liens on the Challenged Leases. And Phase 3 will resolve, among other things, any valuations necessary in light of the bankruptcy court's resolutions of the first two phases. Dkt. No. 1205 at 21.

4. On August 14, 2020, the bankruptcy court entered a bench ruling, resolving Phase 1 of the Lien-Related Litigation. Dkt. No. 1599. On March 10, 2012, the bankruptcy court entered an order and memorandum opinion resolving Phase 2 of the Lien-Related Litigation. Dkt. Nos. 1847-1848. In that order and opinion, the court held, among other things, that "three Challenged Leases are not referenced with reasonable certainty" in the "Deeds of Trust" and that "[t]he liens on those three Leases may be avoided." Dkt. No. 1847 at 1-2.

5. On March 24, 2021, the DIP Agent and the Secured Notes Ad Hoc Group/DIP Lenders appealed. Dkt. Nos. 1859, 1860 (the "Appeals"). The Creditor Representative asserts that (1) the Appeals are interlocutory and not in compliance with 28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8004, and (2) the DIP Agent does not have standing to participate in the Appeals.

6. The parties have agreed to mediation. On March 26, 2020, the bankruptcy court issued an Order Appointing Chief Judge David R. Jones as Mediator. Dkt. No. 1094. Mediation is expected to occur in the coming months.

## A STAY OF THE APPEAL IS WARRANTED

7. Under Federal Rules of Bankruptcy Procedure 9006 and 8018, this Court may, for cause shown, enlarge the time for required actions under the Bankruptcy Rules, including the time for briefing a bankruptcy appeal.

8. The parties are set to engage in mediation in the bankruptcy court in the coming months. If the mediation is successful, it will result in a global resolution that will render the Appeals unnecessary. Staying the Appeals pending mediation would thus preserve judicial resources. If mediation concludes unsuccessfully, the parties will promptly inform this Court and ask to lift the stay.

## RELIEF REQUESTED

7. Because a stay of this appeal is an efficient and economical alternative to proceeding with the appeal at this time, the DIP Agent, the Secured Notes Ad Hoc Group/DIP Lenders, and the Creditor Representative respectfully ask the Court to enter the proposed order staying the Appeals and all appellate deadlines until further order from this Court.

*/s/ James W. Walker* (with permission)
James W. Walker
Texas Bar No. 20709600
Southern District of Texas Bar No. 13776
Cole Schotz P.C.
901 Main Street, Suite 4120
Dallas, TX 75202
(469) 557-9391
(469) 557-0361 (fax)
jwalker@coleschotz.com

-and-

Jonathan I. Levine (admitted *pro hac vice*)
Jeffrey A. Fuisz (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Email: jonathan.levine@arnoldporter.com
         jeffrey.fuisz@arnoldporter.com
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

-and-

Ginger Clements (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4231
Email: ginger.clements@arnoldporter.com
Telephone: (312) 583-2300
Facsimile: (312) 583-2360

*Counsel for Wilmington Savings Fund Society, FSB*

*Additional Counsel Listed Below*

*/s/ Patricia B. Tomasco* (with permission)
QUINN EMANUEL URQUHART & SULLIVAN
Patricia B. Tomasco (TX 01797600)
*Attorney-in-Charge*
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100
Email: pattytomasco@quinnemanuel.com

Benjamin I. Finestone (*pro hac vice* pending)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:benjaminfinestone@quinnemanuel.com

K. John Shaffer (*pro hac vice* pending)
65 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (212) 443-3100
Email: johnshaffer@quinnemanuel.com

*Of Counsel*

*Counsel for Appellee Delaware Trust Company, in its capacity as Lien-Related Litigation Creditor Representative*

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Bankruptcy Procedure 8013(f)(3) because it contains 896 words, excluding the parts of the opposition exempted Federal Rule of Bankruptcy Procedure 8015(g), as determined by the word-counting feature of Microsoft Word.

This motion complies with the typeface requirement of Federal Rule of Bankruptcy Procedure 8015(a)(5) and the type style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(6) because it has been prepared in a proportionally spaced typeface, including serifs, using Microsoft Word 2016 in Times New Roman 14-point font.

Dated:  May 19, 2021                                         */s/ James W. Walker*
                                                                          James W. Walker

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Texas by using the CM/ECF system on May 19, 2021.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:  May 19, 2021                                         */s/ James W. Walker*
                                                                                  James W. Walker